ONE HUNDRED TONS OF COAL.

*(Circuit Court, N. D. Illinois. January 6, 1883.)*

SHIPPING—DEMURRAGE.

Where the shipper of coal on a schooner expressed some doubts as to the depth of water at a certain dock at the port of delivery being sufficient to admit of the delivery of the coal at that dock on account of the size of the schooner, but the captain took the chances of there being sufficient depth of water there, and on arrival it was discovered that delivery could not be made at such dock, the captain can lay no claim for demurrage for delay caused by the necessity to proceed to another dock, or for expenses in consequence of the delay.

In Admiralty. Appeal from the district court.

*Mr. Condon,* for libelant.

*Mr. Kremer,* for respondent.

DRUMMOND, C. J. In September, 1880, Henry P. Card, of Cleveland, Ohio, chartered the schooner Ida Keith, of which the libelant was owner and captain, to take a cargo of coal from Cleveland to Chicago; and the libel was filed by the captain for the reason, as al-

leged, that necessary dispatch was not given to the schooner after her arrival in Chicago. The district court dismissed the libel, and I think that decree was right.

At the time the contract was made in Cleveland for the charter of the vessel, which seems to have been entirely verbal, Card suggested to the captain that he had some fears lest the schooner was too large to deliver the cargo of coal at the dock of P. O'Connor, near Rush street bridge, in Chicago, on account of drawing too much water, to which the captain replied that the water was a foot deeper there than it had been in the spring, and he would take the chances of there being sufficient depth of water there if the cargo of coal were delivered to him.

This fact, upon which the case must substantially turn, seems to be established by a clear preponderance of evidence. The coal had been sold to P. O'Connor, to be delivered at his dock. The shipper seems to have been doubtful as to whether the schooner could deliver the coal there on account of her size, declaring that he would prefer to ship on a smaller vessel. That doubt was removed by the statement of the captain himself, who professed to be familiar with the depth of the water, and took the chances of its being sufficient to enable him to land the cargo there on his arrival in Chicago with the schooner. It seems that she drew too much water, as he himself admits, for him to land the cargo at O'Connor's dock, the result of which was that it was necessary for the shipper, Card, to direct his agent to sell the coal to some other person, and the coal was accordingly sold to J. D. Stone, at a loss to Card, as he says, of more than $200; and this involved the necessity of the schooner being towed up the river to Stone's wharf, where there was considerable delay in consequence of the delivery not being made by three hatches instead of two, as was the fact. It followed, from this condition of affairs, that there were more or less delay and expense in consequence of the coal not having been delivered at O'Connor's wharf; but it seems to me that this grew out of the conduct and statements of the captain himself, and he can lay no claim to demurrage, or expenses in consequence of the delay and delivery of the coal at another wharf.

The decree of the district court will, therefore, be affirmed.